**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE | : | ID. No. 1411017324 |
| | : | In and for Kent County |
| v. | : | |
| | : | RK14-12-0222-01 |
| MELISSA TEGANO, | : | Rape 2nd |
| | : | |
| Defendant. | : | |

**ORDER**

Submitted: November 8, 2017
Decided: November 15, 2017

On this 15th day of November, 2017 upon consideration of Melissa Tegano's ("Tegano") Motion for Postconviction Relief, the Commissioner's Report and Recommendation, and the record in this case, it appears that:

1. Tegano pled guilty on February 24, 2015, to one count of Rape in the Second Degree without Consent, 11 *Del. C.* §772. The parties recommended a sentence of twenty-five years at Level V suspended after ten years minimum mandatory for varying levels of probation. The Court agreed with the recommendation and sentenced Tegano accordingly.

2. Thereafter, Tegano filed a motion for Postconviction Relief. The procedural history is set forth in the Commissioners Report and Recommendation of July 31, 2017, attached hereafter as Exhibit "A".

3. After the issuance of the Commissioner's Report, neither party filed exceptions.

**NOW, THEREFORE,** after a *de novo* review of the record in this action, and for the reasons stated in the Commissioner's Report and Recommendation dated July 31st, 2017,

**IT IS HEREBY ORDERED** that the Commissioner's Report and Recommendation attached as Exhibit "A", is hereby adopted by the Court in its entirety. Accordingly Tegano's Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61 is hereby **DENIED**.

/s/Jeffrey J Clark
Judge

# Exhibit A

**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| **STATE OF DELAWARE** | ) | ID. No. 1411017324 |
| | ) | In and for Kent County |
| v. | ) | |
| | ) | RK14-12-0222-01 |
| **MELISSA TEGANO** | ) | Rape 2nd W/O Con (F) |
| | ) | |
| Defendant. | ) | |

**COMMISSIONER'S REPORT AND RECOMMENDATION**

**Upon Defendant's Motion for Postconviction Relief
Pursuant to Superior Court Criminal Rule 61**

Julie L. Johnson, Esq., Deputy Attorney General, Department of Justice, for the State of Delaware.

Melissa Tegano, *Pro se*.

FREUD, Commissioner
July 31, 2017

The defendant, Melissa Tegano ("Tegano"), pled guilty on February 24, 2015, to one count of Rape in the Second Degree without Consent, 11 *Del. C*. §772. She was also facing the following charges: two additional counts of Rape in the Second Degree without Consent, one count of Sexual Solicitation of a Child Under 18 to Engage in Prohibited Sexual Act, one count of Rape in the Fourth Degree Sexual Penetration of Another Person

4

Without Consent, and one count of Unlawful Sexual Contact Second Degree Have Contact with person less than 18 Years. *Nolle prosequis* were entered by the State on the additional charges in exchange for Tegano's plea. Had she gone to trial and been found guilty as charged she faced a minimum mandatory sentence of thirty years incarceration. The parties recommended a sentence of twenty-five years at Level V suspended after ten years minimum mandatory for varying levels of probation. The Court agreed with the recommendation and sentenced Tegano accordingly. On April 29, 2015, Tegano filed a *pro se* Motion for Modification of Sentence which was denied. Tegano next filed a *pro se* Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61 alleging ineffective assistance of counsel.

## FACTS

The charges stemmed from information received by the Delaware State Police that a fourteen year-old runaway from Virginia, Alex Winslow ("Winslow"), was with Tegano at a house in Hartly, Delaware. On November 28, 2014, Detective Csapo responded to the home and found Winslow with Tegano. Winslow told police that he ran away, and Tegano and her twelve year-old sister picked him up near his home in Virginia and drove him to the house in Hartly. Winslow said that he had met Tegano about a year before while playing online video games. He told police that when they arrived at the house, he slept in the living room with Tegano and her sister. He also told police that he and Tegano engaged in oral and vaginal sex on two occasions since he had arrived in Delaware. While Det. Csapo interviewed Tegano, she confirmed they had sex on two occasions, but she believed he was nineteen years -old. Tegano was arrested on November 29, 2014.

## TEGANO'S CONTENTIONS

In the motion, Tegano sets forth the following grounds for relief:

Ground one:      Ineffective Counsel

Public Defender William T. Deely took advantage of the

fact that this was my first conviction of any sort. And instead of having me take the original plea of 3 counts of 3rd degree rape which holds 6 years. I feel I was wrongfully guided and was taken advantage of because Deely knew it was my first time.

Ground two: Disparity/Disproportion in Sentence
Judge Witham did not look into all the stating (sic) facts of my case also in the *State of Delaware vs. Monica Breeding* she received 2 years as I was sentenced to 10 years. Also, the *State of Delaware vs. Molly Shattuck* was sentenced to 48 weekends at work release.

Ground three: Convicted as a habitual when it was a first offense.
This was my first offense ever on my criminal record. I was charged and convicted as a habitual offender, when I should have got my first plea of 6 years not 10.

## DISCUSSION

Under Delaware law, this Court must first determine whether Tegano has met the procedural requirements of Superior Court Criminal Rule 61(i) before it may consider the merits of her postconviction relief claim.[1] This is Tegano's first motion for postconviction relief, and it was filed within one year of her conviction becoming final. Therefore, the requirements of Rule 61(i)(1) - requiring filing within one year and (2) - requiring that all grounds for relief be presented in initial Rule 61 motion, are met. None of Tegano's claims were raised at the plea, sentencing, or on direct appeal. Therefore, they are barred by Rule 61(i)(3), absent a demonstration of cause for the default and prejudice. Only Tegano's first claim is based on ineffective assistance of counsel; therefore, she has alleged cause for her failure to have raised it earlier. Tegano failed to raise her other

---

[1] *Bailey v. State,* 588 A.2d 1121, 1127 (Del. 1991).

claims earlier they are therefore barred for failure to allege cause. Additionally the record reflects that her allegations are factually incorrect in that she received the minimum mandatory sentence for the charge she pled guilty to and she was never found to be a habitual offender. Consequently these claims are also meritless.

At this point, Rule 61(i)(3) does not bar relief as to Tegano's first ground for relief, provided she demonstrates that her counsel was ineffective and that she was prejudiced by counsel's actions. To prevail on her claim of ineffective assistance of counsel, Tegano must meet the two-prong test of *Strickland v. Washington.*[2] In the context of a guilty plea challenge, *Strickland* requires a defendant show: (1) that counsel's representation fell below an objective standard of reasonableness; and (2) that counsel's actions were prejudicial to her in that there is a reasonable probability that, but for counsel's error, he would not have pled guilty and would have insisted on going to trial and that the result of a trial would have been her acquittal.[3] The failure to establish that a defendant would not have pled guilty and would have proceeded to trial is sufficient cause for denial of relief.[4] In addition, Delaware courts have consistently held that in setting forth a claim of ineffective assistance of counsel, a defendant must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal.[5] When examining the representation of counsel pursuant to the first prong of the *Strickland* test, there is a strong

---

[2] 466 U.S. 668 (1984).

[3] *Id*. at 687.

[4] *Somerville v. State*, 703 A.2d 629, 631 (Del. 1997)(citing *Albury v. State*, 551 A.2d 53, 60 (Del. 1988))(citations omitted).

[5] *See e.g.*, *Outten v. State*, 720 A.2d 547, 557 (Del. 1998) (citing *Boughner v. State*, 1995 WL 466465 at *1 (Del. Supr.)).

7

presumption that counsel's conduct was professionally reasonable.[6] This standard is highly demanding.[7] *Strickland* mandates that, when viewing counsel's representation, this Court must endeavor to "eliminate the distorting effects of hindsight."[8]

Following a complete review of the record in this matter, it is abundantly clear that Tegano has failed to allege any facts sufficient to substantiate her claim that her attorney was ineffective. I find trial counsel's in conjunction with the record, more credible than Tegano's self-serving claims that her counsel's representation was ineffective. Tegano's counsel clearly denies the allegations.

As noted, Tegano was facing the possibility of thirty years minimum in prison had she been convicted, and the sentence and plea were reasonable under all the circumstances, especially in light of the evidence against her. Prior to the entry of the plea, Tegano and her attorney discussed the case. The plea bargain was clearly advantageous to Tegano. Counsel's representation was certainly well within the range required by *Strickland*. Additionally, when Tegano entered her guilty plea, she stated she was satisfied with defense counsel's performance. She is bound by her statement unless she presents clear and convincing evidence to the contrary.[9] Consequently, Tegano has failed to establish that her counsel's representation was ineffective under the *Strickland* test.

Even assuming, *arguendo*, that counsel's representation of Tegano was somehow

---

[6] *Albury*, 551 A.2d at 59 (citing *Strickland*, 466 U.S. at 689).

[7] *Flamer v. State*, 585 A.2d 736, 754 (Del. 1990)(quoting *Kimmelman v. Morrison*, 477 U.S. 365, 383 (1986)).

[8] *Strickland*, 466 U.S. at 689.

[9] *Mapp v. State*, 1994 WL 91264, at *2 (Del.Supr.)(citing *Sullivan v. State*, 636 A.2d 931, 937-938 (Del. 1994)).

deficient, Tegano must satisfy the second prong of the *Strickland* test, prejudice. In setting forth a claim of ineffective assistance of counsel, a defendant must make concrete allegations of actual prejudice and substantiate them or risk dismissal.[10] In an attempt to show prejudice, Tegano simply asserts that her counsel was ineffective. Her statements are insufficient to establish prejudice, particularly in light of the evidence against her. Therefore, I find Tegano's first ground for relief is meritless.

To the extent that Tegano alleges her plea was involuntary, the record contradicts such an allegation. When addressing the question of whether a plea was constitutionally knowing and voluntary, the Court looks to a plea colloquy to determine if the waiver of constitutional rights was knowing and voluntary.[11] At the guilty-plea hearing, the Court asked Tegano whether she understood the nature of the charges, the consequences of her pleading guilty, and whether she was voluntarily pleading guilty. The Court asked Tegano if she understood she would waive her constitutional rights if she pled guilty; if she understood each of the constitutional rights listed on the Truth-in-Sentencing Guilty Plea Form ("Guilty Plea Form"); and whether she gave truthful answers to all the questions on the form. The Court asked Tegano if she had discussed the guilty plea and its consequences fully with her attorney. The Court asked Tegano if she was entering into the plea as she was guilty of the charges. The Court also asked Tegano if she was satisfied with this counsel's representation. Tegano answered each of these questions affirmatively. I find counsel's representations far more credible than Tegano's self-serving, vague allegations.

Furthermore, prior to entering her guilty plea, Tegano signed a Guilty Plea Form

---

[10] *Larson v. State*, 1995 WL 389718, at *2 (Del. Supr.)(citing *Younger*, 580 A.2d 552, 556 (Del. 1990)).

[11] *Godinez v. Moran*, 509 U.S. 389, 400 (1993).

and Plea Agreement in her own handwriting. Tegano's signatures on the forms indicate that he understood the constitutional rights he was relinquishing by pleading guilty and that he freely and voluntarily decided to plead guilty to the charges listed in the Plea Agreement. Tegano is bound by the statements she made on the signed Guilty Plea Form, unless he proves otherwise by clear and convincing evidence.[12]  I confidently find that Tegano entered her guilty plea knowingly and voluntarily and that Tegano's grounds for relief are completely meritless.

## CONCLUSION

I find that Tegano's counsel represented her in a competent and effective manner and that Tegano has failed to demonstrate any prejudice stemming from the representation. I also find that Tegano's guilty plea was entered knowingly and voluntarily. I recommend that the Court *deny* Tegano's motion for postconviction relief as procedurally barred and completely meritless.


_/s/ Andrea M. Freud_
Commissioner

---

[12]  *Sommerville* 703 A.2d at 632.